IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
JAMAR PERSON and RANDY SMITH,       x
                                    :
      Plaintiffs,                   :
                                    :    Civil Action File No.
vs.                                 :    1:14-cv-
                                    :
HOTTIE HAWGS BBQ LLC                :
and KYLE VAUGHN,                    :
                                    :
      Defendants.                   :
------------------------------------x
```

## COMPLAINT

Plaintiffs, Jamar Person and Randy Smith, by and through their counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for their Complaint, respectfully allege as follows:

## PARTIES

1.

Plaintiff, Jamar Person, (hereinafter "Plaintiff" or "Mr. Person") is a natural born United States citizen residing within the Northern District of Georgia.

2.

Plaintiff, Randy Smith, (hereinafter "Plaintiff" or "Mr. Smith") is a natural born United States citizen residing within the Northern District of Georgia.

1

3.

On information and belief, Defendant, Hottie Hawgs BBQ LLC (hereinafter "Defendant or "Hottie Hawgs") is a domestic corporation doing business in the Northern District of Georgia as "Hottie Hawg's Smokin' BBQ".

4.

On information and belief, the registered agent for service of process on Hottie Hawgs is Briskin, Cross & Sanford, LLC, 1001 Cambridge Square, Suite D, Alpharetta, GA 30009.

5.

On information and belief, Defendant Kyle Vaughn is the owner and operator of Defendant Hottie Hawgs and may served with process at his place of business, 2061 Main Street, N.W., Atlanta, GA 30318.

## JURISDICTION

6.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

7.

Hottie Hawgs is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiffs' employment.

8.

On information and belief, Hottie Hawgs is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times and continuing, Hottie Hawgs is engaged in the restaurant business.

9.

On information and belief at all relevant times and continuing, Hottie Hawgs had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

10.

Plaintiffs were individually covered by the FLSA as they utilized the instrumentalities of commerce while they performed their job duties for Defendants.

11.

At all relevant times and continuing, Defendant Kyle Vaughn was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Vaughn acted "directly or indirectly in the interest of an employer in relation to an employee."

## VENUE

12.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

13.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## FACTS

A. Jamar Person

14.

Plaintiff, Jamar Person was employed by Defendants from in or about April 2011 to on or about April 30, 2014.

15.

Mr. Person was initially employed as a dishwasher.  He was subsequently promoted to food preparer, and thereafter to line cook.  Mr. Person did not supervise any employees at any time.

16.

Throughout the time that Mr. Person was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

17.

Despite the fact that Mr. Person worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Person for any of that overtime.

B. Randy Smith

18.

Plaintiff, Randy Smith was employed by Defendants from in or about February 2010 to in or about July 2014.

19.

Mr. Smith was employed as a cook.  Mr. Smith did not supervise any employees at any time.

20.

Throughout the time that Mr. Smith was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

21.

Despite the fact that Mr. Smith worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Smith for any of that overtime.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>

22.

Plaintiffs incorporate the allegations of ¶¶1 – 21 to the same force and effect as if pled herein.

23.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiffs, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

24.

Plaintiffs were regularly compelled to work more than 40 hours per week but were not paid overtime compensation as required under the FLSA.

25.

Plaintiffs were not exempt employees under the FLSA.

26.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

27.

Defendants owe Plaintiffs overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<u>SECOND CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§§211(c),</u>
<u>215(a)(5) and 29 CFR §516)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Maintain Time Records)</u>

28.

Plaintiffs incorporate the allegations of ¶¶1 – 27 to the same force and effect as if pled herein.

29.

On information and belief, within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of

the wages, hours and other conditions and practices of employment maintained by said Defendants.

30.

Plaintiffs are entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

## REQUEST FOR RELIEF

WHEREFORE Plaintiffs request that this Court:

(a) Enter judgment against Defendants awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment against Defendants awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(d) Award Plaintiffs such further and additional relief as may be just and appropriate; and

(e) Plaintiffs demand TRIAL BY JURY.

This 15th day of December 2014.

s/ROBERT N. MARX
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342
Telephone:  (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiffs
